**UNITED STATES DISTRICT COURT**
**DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | |
|---|---|
| MIGUEL B. PEREZ and<br>LUIS OLIVARES MEDINA,<br><br>       Plaintiffs,<br><br>  vs.<br><br>BLACK HILLS TRUCKING, INC.,<br>MELVIN L. NORDHAGEN, and<br>JOHN AND JANE DOES 1-20,<br><br>      Defendants. | Case No. _____<br><br>Judge: _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Plaintiffs Miguel B. Perez and Luis Olivares Medina, as for their complaint against Defendants Black Hills Trucking, Inc., Melvin L. Nordhagen, and John and Jane Does 1-20, allege as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.

2.     This Court has personal jurisdiction over Defendants pursuant to North Dakota Rule of Civil Procedure 4(b).

3.     Venue is proper in this jurisdiction because the incident occurred in this jurisdiction.

### THE PARTIES

4.     Plaintiff Miguel B. Perez is a citizen of the state of Florida.

5.     Plaintiff Luis Olivares Medina is a citizen of the state of Florida.

6.      Defendant Melvin L. Nordhagen is a resident and citizen of the state of Washington.

7.      Defendant Black Hills Trucking, Inc. is a corporation organized under the laws of the state of Wyoming and which maintains its principal place of business in the state of Wyoming. It is therefore a citizen of Wyoming.

8.      Plaintiffs are presently unaware of the true names and capacities of Defendants sued as Does 1-20.  Plaintiffs are informed and believe, and thereon allege, that each of the defendants fictitiously named herein as a Doe is legally responsible in some manner for the events and happenings hereinafter referred to and proximately thereby caused the injuries and damages to Plaintiffs alleged herein.  Plaintiffs will seek leave of Court to amend this Complaint to set forth the true names and capacities of said fictitiously named defendants when the same shall have been ascertained.

## FACTS

9.      On July 13, 2014, Plaintiffs were passengers in a vehicle travelling on Highway 85 near Williston, North Dakota.

10.     On July 13, 2014, and at all times relevant to this Complaint, Defendant Nordhagen was employed by or acted as an agent of Defendant Black Hills.  Specifically, Defendant Nordhagen was a commercial truck driver.

11.     On July 13, 2014, Defendant Nordhagen was operating a truck for Defendant Black Hills on Highway 85 near Williston, North Dakota.

12.     Defendant Nordhagen, who was behind the vehicle in which Plaintiffs were travelling, failed to maintain a safe distance.  Thus, when the vehicle in which Plaintiffs were travelling came to a stop, Defendant Nordhagen slammed into the rear of the vehicle in which Plaintiffs were travelling.

13.     As a result of the collision, Plaintiff Perez suffered severe injuries, including a right hip fracture and injuries to his head, arm, and shoulder.  Plaintiff Perez will endure life-long pain and suffering and require ongoing medical care.  Plaintiff Perez has also experienced and will in the future experience emotional distress, loss of enjoyment of life, and adverse impacts on his vocational and avocational activities.

14.     As a result of the collision, Plaintiff Medina suffered severe injuries, including multiple lacerations to his spleen, a pneumothorax, and a collapsed lung.  Plaintiff Medina will endure life-long pain and suffering, physical impairment, and will require ongoing medical care.  Plaintiff Medina has also experienced and will in the future experience emotional distress, loss of enjoyment of life, and adverse impacts on his vocational and avocational activities.

**COUNT ONE**
**Negligence**
**(By Plaintiffs Against All Defendants)**

15.     Plaintiffs incorporate the foregoing paragraphs by reference as if fully stated herein.

16.     At all times mentioned herein, Defendants, and each of them, including Does 1-20, inclusive, were the owners, operators, lessors, lessees, controllers of, or otherwise legally responsible for the truck operated by Defendant Nordhagen.

17.     At all times relevant herein, Defendant Nordhagen was an employee, agent or representative of Defendant Black Hills and was within the course and scope of his employment or agency.

18.     At all times relevant herein, Defendant Nordhagen was operating the truck with the permission and consent of Defendant Black Hills and at the direction of Defendant Black Hills.

19.     Defendant Nordhagen owed Plaintiffs a duty of reasonable care.

20.     Defendant Nordhagen breached his duty of reasonable care to Plaintiffs when he violently collided with the rear of the vehicle in which Plaintiffs were travelling.

21.     As a proximate result of Defendant Nordhagen's negligence, Plaintiffs sustained severe and permanent injuries to their person, and have and will incur ongoing and substantial pain, suffering, emotional distress, disabilities and vocational and avocational limitations.

22.     As a result of Defendants' negligence, Plaintiff Perez suffered a "serious injury" as defined by N.D. CENT. CODE 26.1-41-01(21) because he suffered bodily injury that resulted in serious and permanent disfigurement or disability beyond sixty days and incurred medical expenses in excess of two thousand five hundred dollars ($2,500).  In particular, Plaintiff Perez's past medical bills are in excess of $27,000.

23.     As a result of Defendants' negligence, Plaintiff Medina suffered a "serious injury" as defined by N.D. CENT. CODE 26.1-41-01(21) because he suffered bodily injury that resulted in serious and permanent disfigurement or disability beyond sixty days and incurred medical expenses in excess of two thousand five hundred dollars ($2,500).  In particular, Plaintiff Medina's past medical bills are in excess of $145,000.

24.     In light of the foregoing, Plaintiffs are entitled to compensation for all elements of damage provided by law, including past and future pain, discomfort, mental anguish, inconvenience, physical impairment, emotional distress, loss of society and companionship, permanent injury, impairment of health, disabling effects of the injuries, and economic damages from lost income, diminished earning capacity and all amounts expended and to be expended for medical expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants as follows:

1. Compensatory damages in an amount to be determined by the jury;

2. Costs and disbursements incurred in this action and for such other relief as provided by law;

3. Further relief as the Court deems just and equitable.

Dated: June 5, 2018

Ian P. Samson (*admitted to D.N.D.*)
**STALWART LAW GROUP**
1100 Glendon Avenue, Suite 1840
Los Angeles, California 90024
Tel: 310-954-2000
Email: ian@stalwartlaw.com

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38, Plaintiffs hereby demand a trial by jury.

Dated: June 5, 2018

Ian P. Samson (*admitted to D.N.D.*)
**STALWART LAW GROUP**
1100 Glendon Avenue, Suite 1840
Los Angeles, California 90024
Tel: 310-954-2000
Email: ian@stalwartlaw.com